Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Russell Jameson

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL JAMERSON,<br><br>        Plaintiff,<br><br>vs.<br><br><br>DALY CITY, ET AL.<br><br><br>        Defendants. | Case No.: 3:15-cv-02132-MEJ<br><br>COMPLAINT FOR DAMAGES:<br>EXCESSIVE FORCE, [42 U.S.C. § 1983]<br><br>*STATE CAUSES OF ACTION:*<br>BATTERY<br>ASSAULT<br>NEGLIGENCE<br>BANE ACT VIOLATION |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

## JURISDICTION

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

## I.

## **PARTIES**

2. Plaintiff Russell Jamerson brings an action for the above-mentioned federal and State causes of action.

3. The City of Daly City is a public entity operating in the State of California.

4. Defendant Daly City Police Officer Karen Douglass # 2065 was at all times relevant to this complaint employed as a law enforcement officer for Daly City who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in both her official and individual capacities.

5. Defendant Daly City Police Officer Ian Perez # 1222 was at all times relevant to this complaint employed as a law enforcement officer for Daly City who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in both his official individual capacities.

6. Defendant Daly City Police Officer Sgt. Hussain was at all times relevant to this complaint employed as a law enforcement officer for Daly City who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in both his official individual capacities.

COMPLAINT FOR DAMAGES- 2

7. Defendant DOE officers were at all times relevant to this complaint employed as law enforcement officers for Daly City who engaged in the acts leading to the plaintiff's injuries. These DOE officers have not been identified yet and upon discovery of their identities their true names will be added as defendants. These DOE defendants are being sued in their official and individual capacities.

8. A tort claim form was drafted and filed with Daly City and this tort claim was rejected on July 18, 2016.

## II.

## STATEMENT OF FACTS

9. On December 19, 2015 At approximately 5:00PM the plaintiff Russell Jamerson who at the time of the incident was 17 years old, left his home at 80 Bel Mar Ave in Daly City to go to the Stones Town Galleria Shopping Mall in San Francisco, and to meet up with friends. He decided to get something to eat from a Chipotle Restaurant in Daly City across the street from his home before continuing his journey. He parked his vehicle in the parking lot of the restaurant.

10. The plaintiff went inside the Chipotle restaurant to place his to go order. When he returned to his vehicle. He mistakenly went to a vehicle that was the exact make and model and color of his own car. Believing the car was his, he attempted to use his key on the lock until he realized that his key did not work and the car must not have been his. The plaintiff then looked around, and discovered that there were 3 Honda accords in row and the next one was his.

11. During this time period, three onlookers observed the plaintiff attempting to gain entry to the car that was not his and believing that he was breaking into the cars, called the Daly City police department and gave his description.

COMPLAINT FOR DAMAGES- 3

12. The plaintiff unlocked his vehicle, got in the car and began to eat his food and listen to music. While he was eating, the plaintiff was approached by defendants who started banging on his driver-side window, pointing their weapons at him at point blank range.

13. The plaintiff who was by then surrounded by six officers, was then ordered to get out of his car at gunpoint and placed in handcuffs while his car was searched.

14. The plaintiff was then asked by an officer without first being advised of his Miranda Rights against self-incrimination, "Are you breaking into cars?" "Were you breaking into cars over there? In which the plaintiff responded no.

15. After approximately 30 minutes, the defendants discovered that a mistake had been made and released the plaintiff.

## FEDERAL CAUSE OF ACTION

### Plaintiff v. Defendant Officers  (Federal Constitutional Claims)

*Excessive Force*

16. Plaintiff alleges that the defendants violated the plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive force when the defendants who outnumbered the plaintiff by 6-1, pointed their guns and tasers at the plaintiff at point blank range and kept their guns and tasers trained on the plaintiff for an extended period of time.

17. That during the time that the defendants pointed their guns and tasers pointed at and trained on the plaintiff within point-blank range, the plaintiff was unarmed, non-evasive, non-resistant and outnumbered by the defendants and was not engaged in flight.

COMPLAINT FOR DAMAGES- 4

## STATE CAUSES OF ACTION

### Plaintiff v. Defendant Officers  (State Battery Claim)

18**.** Based on the above-stated misconduct, the Defendant officers caused the Plaintiff to suffer a battery when the defendants who outnumbered the plaintiff by 6-1, pointed their guns and tasers at the plaintiff at point blank range and kept their guns and tasers trained on the plaintiff for an extended period of time.

19. That during the time that the defendants pointed their guns and tasers at the plaintiff within point-blank range, the plaintiff was unarmed, non-evasive, non-resistant and outnumbered by the defendants and not engaged in flight.

20. That this level of force was intentional without provocation, necessity or legal justification.

21.  The Defendant officers are liable for all injuries caused by their acts, causing the plaintiff to suffer an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

22. Defendants as public employees are not exonerated or immune from liability for the act of committing a battery upon the plaintiff's person pursuant to California Government Code Section 820.8.

COMPLAINT FOR DAMAGES- 5

### Plaintiff v. Defendant Daly City (State Battery Claim)

23. Because the individual defendants were acting as agents, servants, and or employees of defendant Daly City, and because the individual defendants were acting within the scope and course of their employment, and under the direct control and supervision of Daly City the defendant is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

### Plaintiff v. Defendant Officers  (State Assault Claim)

24. Based on the above-stated misconduct, Defendant officers caused the plaintiff to suffer a reasonable fear of an imminent battery when the plaintiff observed the defendants who outnumbered the plaintiff by 6-1, pointed their guns and tasers at the plaintiff at point blank range and kept their guns and tasers trained on the plaintiff for an extended period of time.

25. That during the time that the defendants pointed their guns and tasers at the plaintiff within point-blank range, the plaintiff was unarmed, non-evasive, non-resistant and outnumbered by the defendants.

26. That the defendant officers are liable for all injuries caused by their acts of causing the plaintiff to suffer a reasonable fear or apprehension of an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

27.  Defendants as public employees are not exonerated or immune from liability for the act of committing an assault upon the plaintiff's person pursuant to California Government Code Section 820.8.

### Plaintiff v. Defendant Daly City (State Assault Claim)

28. Because the individual defendants were acting as agents, servants, and or employees of defendant Daly City, and because the individual defendants were acting within the scope and course of their employment, and under the direct control and supervision of Daly City the defendant is liable to the Plaintiff for assault pursuant to California Government Code §815.2.

### Plaintiff v. Defendant Officers  (State Negligence Claim)

29. By virtue of the foregoing, Defendants owed Plaintiff a duty of due care not to cause the plaintiff to suffer an assault and battery and that this duty was breached by the defendants negligence and failure to exercise due care in their handling of the plaintiff who was a minor at the time of the incident.

30. As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

31. That the defendant officers are liable for all injuries caused by their acts of causing the plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

32. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

**Plaintiff v. Defendant Daly City (State Negligence Claim)**

33. Because the individual defendants were acting as agents, servants, and or employees of Daly City, and because the individual defendants were acting within the scope and course of their employment, and under the direct control and supervision of Daly City, Defendant City is liable for negligence pursuant to California Government Code §815.2.

**Plaintiff v. Defendant Officers  (52.1. Civil Rights Violation)**

34. That Defendant officers interfered with the Plaintiff's Fourth amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when the Plaintiff observed the defendants who outnumbered the plaintiff by 6-1, pointed their guns and tasers at the plaintiff at point blank range and kept their guns and tasers trained on the plaintiff for an extended period of time.

35. That during the time that the defendants pointed their guns and tasers at the plaintiff within point-blank range, the plaintiff was unarmed, non-evasive, non-resistant and outnumbered by the defendants.

36. That upon observing the defendants pointing their guns and tasers at him at point blank range, the plaintiff reasonably believed that if he exercised his right to be free from excessive force, that the defendant officers would commit violence against him.

37. That the defendant officers' conduct interfered with the plaintiff's right to be free from excessive force in violation of the Fourth Amendment and that this **violation** was accomplished by threat, intimidation or coercion.

38. That the plaintiff was harmed because he suffered severe emotional stress as a result of the defendant's conduct; and

COMPLAINT FOR DAMAGES- 8

39. That the defendant officers conduct of pointing guns and tasers at the plaintiff (who was a minor at the time) at point blank range, was a substantial factor in causing his harm.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;
2. For punitive damages according to proof as to each defendant officer;
3. Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;
4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: December 2, 2016

                                                     /s/
                                      Stanley Goff Esq.,
                                      Attorney for Plaintiff Russell Jamerson

COMPLAINT FOR DAMAGES- 9